BETH CREIGHTON, OSB #972440
E-mail: *beth@civilrightspdx.com*
MICHAEL ROSE, OSB #753221
E-mail: *mrose@civilrightspdx.com*
CREIGHTON & ROSE, PC
Powers Building Suite 300
65 SW Yamhill Street
Portland, Oregon  97204-3316
Phone:   (503) 221-1792
Fax:        (503) 223-1516

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **NANCY BRYANT,** | Civil Case No. 6:18-cv-01553 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| **CITY OF TOLEDO, CRAIG MARTIN,** in his individual capacity, and **BILLIE JO SMITH**, in her individual capacity, | (Gender discrimination ORS 659A.030, Whistleblower Violations under ORS 659A.199 & ORS 659A.203, and Civil Rights Claims under 42 U.S.C. § 1983) |
| Defendants. | **DEMAND FOR A JURY TRIAL** |

## I.  INTRODUCTION

1.      Pursuant to ORS 659A.030, ORS 659A.199, ORS 659A.203, and 42 U.S.C. § 1983, Plaintiff alleges the deprivation of her rights as protected by state and federal anti discrimination and anti-retaliation statutes. She seeks damages and equitable remedies, including

PAGE 1 – COMPLAINT

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

declaratory judgment and attorney fees and litigation expenses/costs, including expert witness fees and expenses in an amount to be determined by a jury at trial.

## II. JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1367 because plaintiff asserts a cause of action arising under the Constitution, laws, or treaties of the United States. The court has supplemental jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1367.

3. Venue is in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claims arose in this judicial district.

4. Plaintiff provided defendant notice of her state law claims for money damages on March 20, 2018, and have thereby satisfied the requirements of the Oregon Tort Claims Act, as specified in ORS 30.275(3)(c).

## III. PARTIES

5. Plaintiff Nancy Bryant ("Bryant") is a resident of Toledo, Oregon.

6. At all material times herein, defendant City of Toledo ("City") was and is a public body in the State of Oregon responsible under state law for the acts and omission of its agents and other employees, including those whose conduct is at issue herein.

7. At all material times herein, defendant Craig Martin ("Martin") was and is the City Manager of the City, and is a resident of the State of Oregon. He is sued in his individual capacity.

8. At all material times herein, defendant Billie Jo Smith ("Smith") was and is the Mayor of the City, and is a resident of the State of Oregon. She is sued in her individual

PAGE 2 – COMPLAINT

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

capacity.

### IV. FACTS

9. In or about January of 2005, the City hired Bryant as a utility billing clerk. In 2007, the City promoted her to Recording Clerk. In 2008 the City again promoted her to Assistant to the City Recorder.

10. In or around 2011, the City promoted Bryant a third time to the position of City Recorder. She remained in that position until November of 2017.

11. In or around August of 2016, the City hired Martin as its Interim City Manager.

12. Based on information and belief, Martin was the City Manager in Sweet Home for 18 years prior to his being hired by the City. No one at the City inquired about why Martin had left Sweet Home nor did they inquire about the circumstances of his departure. Not all of the Councilors on the Board, if any, even saw Martin's résumé.

13. Based on information and belief, Martin was hired based on his friendship with the City Attorney, Mike Adams ("Adams").

14. Although the problems with Martin became apparent almost immediately, it did not stop the City from extending the offer of permanent City Manager to Mr. Martin.

15. City Manager Martin demonstrated his sexism on a daily basis, including but not limited to:

   a. giving the opinions of men more credence than those of women;

   b. engaging in a variety of micro-aggressions against women but not against men;

   c. using his greater physical presence to intimidate women who worked for him;

   d. staring at the intimate body parts of women, but not those of men, in an

PAGE 3 – COMPLAINT

CREIGHTON & ROSE, PC  ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

inappropriate manner.

16.     Bryant objected to the subordinate role Martin wanted to place her in and the disrespect he was showing her and her role as the City Recorder.

17.     Nancy Bryant made a complaint to Mayor Billie Jo Smith in mid-May 2017, complaining that Martin was treating her in an abusive and disrespectful manner due to her gender.  She complained that Martin could not let go of issues that Bryant disagreed with him on (like City expenditure of money on the local pool) and kept bringing them up over and over again to the point of being harassing.  He treated her in a very demeaning way, telling her in an April 2017, meeting that he expected her to open his mail and perform other support staff roles that were outside her job description as a City Recorder.  He refused to allow her to present reports to the city council, a task which she had performed under the previous City Manager.  Bryant told the mayor that Martin would never have treated a man in a similar manner.  Martin's actions and requests indicated a lack of respect for women and an expectation of adherence to rigid stereotyped roles for the women who worked for him.

18.     Mayor Smith did not appear to take Bryant's concerns of sex-based discrimination seriously.

19.     On the same day Bryant complained to Smith, Bryant met with City Councilor Michele Johnson to voice the same complaints.

20.     Johnson also minimized Bryant's complaints of discrimination.

21.     During one of their many negative interactions, Bryant inquired if Martin treated all of his department heads in a similar manner.  He responded hostilely, "What makes you think you are a department head?" while getting red in the face and tapping his papers aggressively.

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

22.	After Bryant's complaint to Mayor Smith, Martin gave her the cold shoulder. Martin communicated with her less and generally avoided her to the extent that it impacted her effectiveness in performing her job duties.

23.	After May 2017, when the Greater Toledo Pool Recreation District was formed, the City discussed what would be included in the jurisdictional transfer.

24.	Bryant voiced in a staff meeting (with Martin present) that she did not agree with the City's continuing to give the pool free water and $135,000 for repairs and related expenses. Bryant stated her view that the money could be better spent for sewer repairs and essential repairs that the City sorely needed.

25.	Also during the late Spring of 2017 through the time the Columbia Bank Building was purchased, Bryant voiced her opposition to the expenditure of funds for the building purchase for the new police station because the City did not have the money to renovate the building and the expenditure would take money away from essential services. She also voiced her concerns that it was fiscally irresponsible to announce the closure of the public swimming pool then purchase the Bank Building.

26.	After Bryant voiced her opposition to these expenditures that Martin favored, he expressed that he thought she was working at cross-purposes to the staff, stormed out of meetings, and stopped having contact with her on a day-to-day basis, which impacted her ability to do her work.

27.	On those occasions that he did come into public contact with her, his conduct was creepily unctuous.

28.	In August of 2017, Bryant learned that Martin had approached her female

PAGE 5 – COMPLAINT

CREIGHTON & ROSE, PC  ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

assistant in a hostile, angry and intimidating manner, cornering her and not permitting her to get away.

29. Martin did not treat male staff members in a similar manner.

30. Bryant reported the incident with her assistant, along with the harassment she had been experiencing, to the City Council on or about August 10, 2017.

31. She explicitly stated that Martin acted towards her in an insulting and abusive manner, intimidating workers in the area and in direct violation of the City's "workplace violence" policy.

32. Over a month after the complaint, an investigation took place.

33. Bryant reported to the investigator that Martin treated her differently from male department heads and that he acted abusively towards her.

34. After Bryant's complaint to the City and the investigation into Martin's behavior, Martin referred to Bryant as a "bad apple in the bunch spreading rot through the basket."

35. The investigator did not inquire whether other employees felt like there was discrimination based on sex occurring in the City, but found that Martin had allowed his frustration to spill into his interaction with the assistant City Recorder and Martin should not have allowed that to happen. He was told to apologize in writing to the Assistant City Recorder. The investigator did not find that Martin had violated City policies regarding his treatment of Bryant.

36. During the course of the investigation, Bryant's emails were searched.

37. As a result, the investigator found emails commenting on Martin's management style and his constant mistakes that made the City look bad.

PAGE 6 – COMPLAINT

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

38. Two months after the investigation began, Bryant was informed of her potential termination, citing her communication with Martin in April, 2017, as described in ¶17, *ante*, as one of the reasons.

39. Another ostensible basis for the proposed termination was internal emails wherein Bryant expressed her frustration with the City Manager and his failure to competently perform his duties.

40. In this pre-termination letter, Martin falsely accused her of calling him names.

41. In Bryant's response to the pre-termination letter, she denied the accusations in the letter and called it out for what it was: a blatant act of retaliation against her for her complaints.

42. A week later, Martin terminated her, telling her that "termination is the proper course of action" and that "[he] did not reach this decision lightly."

43. After her termination, defendants Martin and Smith disseminated false allegations against plaintiff, accusing her of dishonest and/or immoral and/or criminal conduct and alleging that it was said conduct that led to her termination. Neither before nor after the dissemination of these false allegations was Bryant afforded an impartial hearing.

44. The City and Martin discriminated and retaliated against Bryant because of her sex and for her complaints of mismanagement of City funds by subjecting her to harassment and disparate treatment in the terms and conditions of her employment.

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### First Amendment Violation Against Martin and Smith in their Individual Capacities

45. Plaintiff incorporates paragraphs 1 through 44 as if fully set forth herein.

PAGE 7 – COMPLAINT

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

46. The acts of defendants described herein were taken under color of state law.

47. Bryant exercised her free speech rights to object to the mismanagement of City funds by Martin, sexual harassment in the workplace, and violation of City policies and procedures. Defendants Martin and Smith retaliated and/or discriminated against Bryant in violation of her right to speak about those matters of public concern. Defendants' acts violated Bryant's rights under the First Amendment of the United States Constitution, made applicable to defendants through the 14th Amendment.

48. As a direct and proximate result of defendants' unlawful acts, Bryant has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

49. As a direct and proximate result of defendants' unlawful acts, Bryant lost income and benefits and also incurred out-of-pocket medical bills as a result of defendants' unlawful acts.

50. Bryant seeks recovery of all other equitable relief and punitive damages as provided by law, in addition to reimbursement of her reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

51. Defendants' conduct toward Bryant demonstrated a wanton, reckless or callous indifference to the constitutional rights of Bryant, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

///

///

///

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983
### Sex Discrimination - Fourteenth Amendment Violations
### Against Defendant Martin and Defendant Smith in their Individual Capacity

52. Plaintiff incorporates paragraphs 1 through 44 as if fully set forth herein.

53. The acts of defendants described herein were taken under color of state law.

54. Bryant has a right to be free from discrimination based on her sex pursuant to the Fourteenth Amendment of the United States Constitution.

55. Defendant Martin violated Bryant's right to be free from discrimination based on sex when he created and maintained a work environment that was sexually hostile and subjected Bryant to disparate treatment in the terms and conditions of her employment.

56. Defendant Smith encouraged, sanctioned and ratified the creation and maintenance of a work environment that was sexually hostile and subjected Bryant to disparate treatment in the terms and conditions of her employment.

57. As a direct and proximate result of defendants' unlawful acts, Bryant has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

58. As a direct and proximate result of defendants' unlawful acts, Bryant lost income and benefits and also incurred out-of-pocket medical bills as a result of defendants' unlawful acts.

59. Bryant seeks equitable relief in the form of having her employment records expunged, reinstatement, a public apology and resignation of Defendant Martin from his City Manager position and resignation from Defendant Smith from Mayor.

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

60.     Bryant seeks recovery of all other equitable relief and punitive damages as provided by law, in addition to reimbursement of her reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

61.     Defendants' conduct toward Bryant demonstrated a wanton, reckless or callous indifference to the constitutional rights of Bryant, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

### THIRD CLAIM FOR RELIEF
### Sex/Gender Discrimination - ORS 659A.030
### Against Defendants City of Toledo and Martin

62.     Plaintiff incorporates paragraphs 1 through 44 as if fully set forth herein.

63.     As described above, defendants City of Toledo and Martin discriminated against Bryant in the terms and conditions of her employment.

64.     A substantial factor in defendants' conduct described above was Bryant' sex and/or gender.

65.     Defendant Martin aided and/or abetted in the discrimination as described above in violation of ORS 659A.030(g).

66.     As a direct and proximate result of defendants' unlawful acts, Bryant has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

67.     The amount of economic and non-economic damages are expected to exceed the applicable limits set forth in ORS 30.272.

68.     As a direct and proximate result of defendants' unlawful acts, Bryant lost income and benefits and also incurred out-of-pocket medical bills as a result of defendants' unlawful

PAGE 10 – COMPLAINT

CREIGHTON & ROSE, PC   ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

acts.

69. Bryant seeks equitable relief in the form of having her employment records expunged, reinstatement, a public apology and resignation of Defendant Martin from his City Manager position and resignation from Defendant Smith from Mayor.

70. Bryant is entitled to reimbursement of her reasonable attorneys' fees and costs pursuant to ORS 659A.885, ORS 20.107, and ORS 20.105, if appropriate.

**FOURTH CLAIM FOR RELIEF**
**Retaliation for Whistleblowing - ORS 659A.030(f), 659A.203, ORS 659A.199**
**Against Defendants City of Toledo, Martin and Smith**

71. Plaintiff incorporates paragraphs 1 through 44 as if fully set forth herein.

72. By the acts described above, Defendants City of Toledo and Martin retaliated against Bryant because she opposed unlawful employment practices and disclosed information that she reasonably believed was evidence of a violation of state and federal law, and/or abuse of authority, in violation of ORS 659A.030(f), ORS 659A.203 and ORS 659A.199.

73. Defendants Martin and Smith aided and/or abetted in the retaliation as described above in violation of ORS 659A.030(g).

74. As a direct and proximate result of defendants' unlawful acts, Bryant has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

75. As a direct and proximate result of defendants' unlawful acts, Bryant lost income and benefits and also incurred out-of-pocket medical bills as a result of defendants' unlawful acts.

76. The amount of economic and non-economic damages are expected to exceed the

PAGE 11 – COMPLAINT

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

applicable limits set forth in ORS 30.272.

77. Bryant seeks equitable relief in the form of having her employment records expunged, reinstatement, a public apology and resignation of Defendant Martin from his City Manager position and resignation from Defendant Smith from Mayor.

78. Bryant is entitled to reimbursement of her reasonable attorneys' fees and costs pursuant to ORS 659A.885, ORS 20.107, ORS 20.105, if appropriate.

### SIXTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### Fourteenth Amendment Violation - Due Process – Liberty Interest
### Against Defendants Martin and Smith in their Individual Capacities

79. Plaintiff incorporates paragraphs 1 through 44 as if fully set forth herein.

80. By the acts described above, Defendants Smith and Martin deprived plaintiff of her protected liberty interest in her reputation without due process of law.

81. As a direct and proximate result of defendants' unlawful acts, Bryant has suffered economic damage in an amount to be determined by the jury at trial.

82. As a direct and proximate result of defendants' unlawful acts, Bryant has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

83. As a direct and proximate result of defendants' unlawful acts, Bryant lost income and benefits and also incurred out-of-pocket medical bills as a result of defendants' unlawful acts.

84. Bryant seeks equitable relief in the form of having her employment records expunged, reinstatement, a public apology and resignation of Defendant Martin from his City Manager position and resignation from Defendant Smith from Mayor. Bryant seeks recovery of

PAGE 12 – COMPLAINT

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

all other equitable relief and punitive damages as provided by law, in addition to reimbursement of her reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

85.     Defendants' conduct toward Bryant demonstrated a wanton, reckless or callous indifference to the constitutional rights of Bryant, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

**WHEREFORE**, Plaintiff Bryant prays for judgment against defendants as follows:

1.     Economic damages in the form of lost wages and benefits, consequential damages and prejudgment interest in an amount to be determined at trial;

2.     Compensatory damages in an amount to be determined at trial;

3.     All available equitable relief and damages in amounts to be determined at trial, consistent with the claims above against defendants;

4.     Punitive damages consistent with the claims above against defendants in amounts to be determined at trial;

5.     Reasonable attorneys' fees and litigation expenses/costs herein, including expert witness fees and expenses, consistent with the claims above against defendants; and

6.     Grant such other relief as is just and proper.


DATED this 23th day of August, 2018.          CREIGHTON & ROSE, PC.
                                              _s/ Beth Creighton_____
                                              Beth Creighton, OSB #972440
                                              E-mail: beth@civilrightspdx.com
                                              Michael E. Rose, OSB #753221
                                              E-mail: mrose@civilrightspdx.com

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

PAGE 13 – COMPLAINT

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill St. #500
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com