IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

NANCY BRYANT,

        Plaintiff,

v.

CITY OF TOLEDO; CRAIG MARTIN; BILLIE JO SMITH,

        Defendants.

No. 6:18-cv-01553-MK

ORDER

AIKEN, District Judge.

This case comes before the Court on a Findings and Recommendation filed by Magistrate Judge Mustafa Kasubhai. ECF No. 63. Judge Kasubhai recommends that Defendants' Motions for Summary Judgment, ECF Nos. 44, 59, be granted in part and denied in part.

Under the Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review.

*See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Although no review is required in the absence of objections, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Id.* at 154. The Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court should review the recommendation for "clear error on the face of the record."

Here, Defendants have filed Objections to the F&R, ECF No. 65, and Plaintiff has filed a Response, ECF No. 69.

Defendants' first objection is that Judge Kasubhai erred in finding that there was a disputed question of fact as to whether the Defendant Smith engaged in an adverse employment action against Plaintiff. Here, although the ostensible purpose of the Goldsmith investigation was to investigate complaints against Defendant Martin raised by Plaintiff and another employee, the investigator's notes indicate that Smith told the investigator that Plaintiff had been "attacking" Martin and "[l]iterally refusing to cooperate on anything he wants to do." Creighton Decl. Ex. 103A. ECF No. 56-14. In addition, Smith told the investigator that Plaintiff was "resisting and insubordinate," and "want[s] to attack him [Martin], refusing to do what he asks [her] to do." *Id.* The Court concludes that initiating an investigation on these terms is, as Judge Kasubhai found, an adverse employment action.

Defendants' second and third objections turn on their claim that Plaintiff has "conceded" that she was terminated because of her emails, rather than for any improper reason. For this, Defendants point to page 25 of Plaintiff's Response. ECF No. 50. Read in context, however, the line seized upon by Defendants is clearly meant to be a summary of Defendants' position, rather than a concession of the point.

The Court otherwise finds no errors and the F&R, ECF No. 63, is ADOPTED and Defendants' Motions for Summary Judgment, ECF Nos. 44, 59, are GRANTED in part and DENIED in part as set forth in the F&R.

It is so ORDERED and DATED this <u>29th</u> day of March 2024.

                                      /s/Ann Aiken
                                      ANN AIKEN
                                      United States District Judge