IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

NANCY BRYANT,

                Plaintiff,

      v.

CITY OF TOLEDO, et al.,

                Defendants.

_____

Civ. No. 6:18-cv-01553-AA

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on Defendants' Motion for Reconsideration, ECF No. 74, of the Court's Order Adopting Findings and Recommendation, ECF No. 71. Magistrate Judge Mustafa T. Kasubhai recommended granting in part and denying in part Defendants' motions for summary judgment, ECF Nos. 44, 59 (motions), ECF No. 63 (F&R). Judge Kasubhai also recommended that Defendants' motion for summary judgment on Plaintiff's Second Claim and ORS 659A.030 claim should be granted as to Defendant Billie Jo Smith. ECF No. 63. Finally, Judge Kasubhai recommended that Defendants' motion for summary judgment on Plaintiff's Sixth Claim for Relie" should be granted, and Defendants' motion for summary judgment on Plaintiff's remaining claims should be denied. *Id.*

Now, Defendant Smith ask the Court to reconsider its Order, citing *Moore v. Garnard*, 83 F.4th 743 (9th Cir. 2023). ECF No. 74 at 2. Defendant asserts that

*Moore* is a new case discussing qualified immunity, decided after the Judge Kasubhai's issued his F&R, but six months before the Court adopted the F&R.  In *Moore*, the Ninth Circuit determined that the plaintiff had not identified—and the court could not find—case law clearly establishing that a person has a First Amendment right to remain silent when questioned by police, where private individual refused to answer questions about two arsons.  83 F.4th 743 at 751.

Plaintiffs assert that this Court erred in adopting Judge Kasubhai's recommendation that summary judgment be denied on qualified immunity grounds based on Plaintiff's First Amendment right to speak as a private citizen on a matter of public concern.  *See* ECF No. 63 at 9.

Reconsideration is "an extraordinary remedy to be used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  "Motions for reconsideration are not the proper vehicles for rehashing old arguments and not intended to give an unhappy litigant on additional chance to sway the judge."  *Hernandez v. Jefferson Cnty. Sheriff's Office*, Case No. 3:19-cv-1404-JR, 2021 WL 2349320, at *1 (D. Or. Feb. 1, 2021) (internal quotation marks and citation omitted, alterations normalized).  In addition, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945.

The Court has reviewed the record and given due consideration to Defendants' arguments and finds no cause to revise its earlier ruling.  The Court had notice of the

Ninth Circuit's decision in *Moore* long before it adopted the F&R, and the Court found that case in applicable here, where the rights at issue are distinct.  In *Moore*, the Ninth Circuit dealt with the First Amendment right to remain silent under police investigation.  Here, the case is about the right of a public employee to speak out about a matter of public concern, the contours of which the Supreme Court has discussed and recognized as speech protected under the First Amendment.  *See e.g., Pickering v. Bd. of Educ.*, 391 U.S. 563, 571 (1968).  Defendants' motion for reconsideration is DENIED.

It is so ORDERED and DATED this ___17th___ day of September 2024.


 /s/Ann Aiken
ANN AIKEN
United States District Judge