IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

NANCY BRYANT,

                Plaintiff,

      v.

CITY OF TOLEDO, et al.,

                Defendants.

**OPINION & ORDER**
**6:18-cv-01553-AA**

AIKEN, District Judge.

      Before the Court is Defendant's Motion to Perpetuate Deposition Testimony of David Enyeart. ECF No. 90. For the reasons explained, the motion is DENIED.

**BACKGROUND**

      This case involves an employer's termination of an employee allegedly based on retaliation of the employee's protected speech. Plaintiff filed this case on August 23, 2018. ECF No. 1. For a time, the case was consolidated for discovery purposes with another case involving the same Defendants. ECF No. 9. On April 22, 2019, the Court granted an extension of discovery deadlines through August 2019, but the case was stayed for other reasons. ECF No. 18. After the Court lifted the stay, it ordered discovery to close on November 9, 2021. The Court held a hearing on a discovery dispute on November 18, 2021, and extended discovery through May 31, 2022. ECF

No. 27. Again, the Court granted a joint motion to extend discovery through August 2022.

After Defendants filed their motion for summary judgment, ECF No. 30, Plaintiff moved to extend discovery. The Court denied Defendants' motion for summary judgment without prejudice, finding that Defendants had exceeded the page limit without prior Court approval. ECF No. 38. The Court gave Defendants permission to refile and granted Plaintiff's motion to extend discovery through February 28, 2023. On March 10, 2023, the Court learned that the parties had outstanding discovery disputes and gave the parties seven days to resolve those issues. ECF No. 43. Apparently, the parties resolved the discovery dispute, and Defendants refiled their motion for summary judgment on March 30, 2023.

Judge Mustafa Kasubhai was then a Magistrate Judge and issued Findings and Recommendations ("F&R") on Defendants' Motion for Summary Judgment, recommending granting in part and denying in part the motion. ECF No. 65. On March 3, 2023, the Court adopted Judge Kasubhai's F&R. ECF No. 71. This case was reassigned from Judge Kasubhai to me on April 1, 2024. Defendant filed a motion to reconsider the order adopting Judge Kasubhai's F&R. ECF No. 74. On September 17, 2024, the Court denied Defendants' motion to reconsider. ECF No. 79.

The Court set a trial date to begin on April 21, 2025. ECF No. 81. On October 3, 2024, Defendants moved for a new trial date. ECF No. 82. Defendants explained that Billie Jo Smith, one of the Defendants, would be out of town on a long-awaited vacation during the scheduled trial. *Id*. Plaintiff opposed the motion, asserting that

the case had been very drawn out already, and that pushing trial out again would unreasonably delay resolution of the case. ECF No. 85.

On December 11, 2024, the Court held a hearing and granted Defendants' motion for a new trial date. The Court accepted Defendants representation that it was able to begin trial on June 2, 2025 and conclude trial on June 6, 2025. The Court explained that no further extensions would be provided. ECF No. 89. On February 10, 2025, Defendant asked the Court to reopen discovery to depose Mr. David Enyeart, one if its identified witnesses. ECF No. 90

At the time of the facts giving rise to the case, David Enyeart was Chief of Police for the City of Toledo while Plaintiff was employed as the City's Recorder. Def. Mot. at 2, ECF No. 90. Defendants assert that Mr. Enyeart witnessed Plaintiff's office behavior on many occasions. *Id.* Specifically, Mr. Enyeart witnessed Plaintiff "behave in a manner that he believed was overtly hostile and insubordinate to Defendant Craig Martin," who at that time was Toledo City Manager (Plaintiff's boss). *Id.* Workplace investigator, Jill Goldsmith, interviewed Mr. Enyeart in the Fall of 2017 and documented his perception in her report. *Id.*

## DISCUSSION

In support of its request to depose Mr. Enyeart, Defendant explains that he has a pre-planned and already paid for cruise to Ireland. He will be out of the country from April 22, 2025 and returning June 5, 2025. Mentioned above, the trial in this case is set for June 2, 2025 and ends June 6, 2025. In Defendant's view, Mr. Enyeart

has relevant, first-hand, information and it is necessary to depose him to preserve his testimony for trial since he will not be able to attend.

Perpetuation depositions, also known as *de bene esse* depositions—"are essentially trial depositions used in place of a witness' live testimony pursuant to Federal Rule of Civil Procedure 32(a)(4)." *Crumb v. Stane*, 2019 WL 1508059, at *2 (E.D. Cal. Apr. 5, 2019) (collecting cases). As one court explained:

> The purpose of a *de bene esse* deposition is to perpetuate testimony where there is a bona fide concern that, if not taken, the testimony to be obtained at the deposition will be lost due to the unavailability of the witness at trial. The Federal Rules of Civil Procedure do not set forth separate rules governing *de bene esse* depositions. Indeed, the phrase "*de bene esse*" does not even appear in the Federal Rules of Civil Procedure. Instead, the Federal Rules of Civil Procedure draw no distinction between discovery depositions and depositions taken for use at trial (i.e., *de bene esse* depositions). Thus, as with other discovery related matters, the decision of whether to permit a *de bene esse* deposition lies in the sound discretion of the Court.

*Weiss v. First Unum Life Ins.*, No. CIV.A. 02-4249 (GEB), 2010 WL 1027610, at *2 (D.N.J. Mar. 16, 2010) (citations omitted).

Fed. R. Civ. P. 32(a)(4) permits the use of a witness's deposition for any purpose if the court finds:

(A) that the witness is dead;

(B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;

(C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;

(D) that the party offering the deposition could not procure the witness's attendance by subpoena; or

(E) on motion and notice, that exceptional circumstances make it desirable— in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

Here, this case was filed in August 2018—almost *seven* years ago. Mr. Enyeart was not deposed during the extended period of discovery in this case. Defendant argues that, when it changed the trial date to accommodate Billie Jo Smith's vacation, it was not aware that the new trial dates would not work for Mr. Enyeart, a witness with relevant information.

Based upon the lack of distinction in the Federal Rules between trial and discovery depositions, it has been held that there is no difference between the two, and that if a party wishes to introduce deposition testimony at trial, that testimony should procured during the time set by the court to conduct discovery absent exceptional circumstances. *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 559 (S.D. Cal. 1999).

In *Henkel v. XIM Prods., Inc.*, 133 F.R.D. 556, 558 (D. Minn. 1991), the court denied a request by defendant to take the "trial deposition" of a non-party witness who was deposed by plaintiff during discovery. During the discovery deposition, defense counsel did not ask any questions. It was undisputed that the witness had important and relevant testimony to offer at trial, but that he was beyond the subpoena power of the court. The court found that merely designating the testimony

to be taken as "for purposes of trial" did not take the deposition outside of the ordinary rules governing the timing of discovery. *Id*. The court went on to find that "[a] party who makes the tactical decision during a deposition to refrain from examining a witness who is beyond the subpoena power of the court, takes the risk that the testimony could be admitted at trial if the witness will not or cannot appear voluntarily." *Id*. at 557.

The court finds that reasoning persuasive here. Defendants knew Mr. Enyeart had relevant information and lived over 100 miles from the Court. Defendants chose not to depose him during the long course of discovery. Further Defendant could have checked on the availability of its witnesses before proposing a new trial date to accommodate Billie Jo Smith's vacation.

In evaluating the factors in Rule 32(a)(4), the Court finds that when Defendants requested to depose Mr. Enyeart in lieu of his attendance at trial, that Mr. Enyeart is not "dead;" that he is not prohibited from testifying due to "age, illness, infirmity, or imprisonment;" or that his attendance at trial could not be procured "by subpoena." His distance from Court made it more imperative on Defendant to have anticipated that such a distance could have made Mr. Enyeart's attendance at least difficult and that it should have deposed Mr. Enyeart as a person having relevant information. The Court therefore denies Defendant's motion to depose Mr. Enyeart at this late hour. Should Mr. Enyeart be available to appear at trial on June 6, the last day of the trial after he returns from vacation, nothing in this order prevents that.

## CONCLUSION

For the reasons explained, the Court DENIES Defendants' motion to depose

Mr. Enyeart, ECF No. 90.

It is so ORDERED and DATED this ____22nd____ day of April 2025.

      /s/Ann Aiken
      ANN AIKEN
      United States District Judge