IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

NANCY BRYANT,

        Plaintiff,          **OPINION & ORDER**
                                                              6:18-cv-01553-AA

    v.

CITY OF TOLEDO, et al.,

        Defendants.

AIKEN, District Judge.

On May 28, 2025, the Court held a pre-trial conference ruling on the parties' motions in limine, motions to exclude testimony, and objections to exhibits. The following order memorializes the Court's rulings.

I.     MOTIONS IN LIMINE

    A.     *Plaintiff's Motions in Limine*

        1.     First and Second Motions

The Court granted Plaintiff's first and second motions in limine. Both were unopposed.

        2.     Third Motion

The Court granted Plaintiff's third motion in limine to exclude evidence of Defendant's proposed affirmative defense of failure to mitigate damages. The Court found that it was an affirmative defense required to be pled in the Answer, or added through a motion to amend the pleadings, or at any other point in the seven-year litigation. Because it was not raised until the eve of trial, the Court determined that it failed to provide Plaintiff fair notice and must be excluded.

    3.    Fourth, Fifth, and Sixth Motions

The Court deferred ruling to trial on inadmissible hearsay. The Court admonished counsel to refrain from commentary on the evidence.

    4.    Seventh Motion in Limine

The Court granted Plaintiff's second motion in limine to exclude the Goldsmith Report as inadmissible hearsay, finding that the interviewees in the report would be witnesses at trial subjection to direct and cross examination about their personal observations and experiences.

    5.    Eighth Motion in Limine

The Court deferred ruling until trial, finding the motion vague.

    6.    Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fifteenth, and Sixteenth Motions.

The Court granted Plaintiff's motions to exclude evidence about William Ewing and the health conditions of witnesses.

    7.    Fourteenth Motion

The Court deferred ruling on Plaintiff's motion until trial.

8. Seventeenth Motion

The Court granted Plaintiff's motion to exclude lay witnesses testifying as would an expert—no lay witness may offer opinion about whether Defendants behavior constituted discrimination or gender bias. Witnesses may testify about the facts of their personal observations and experiences.

9. Eighteenth Motion

The Court granted Plaintiff's motion to exclude evidence of Craig Martin's feelings or emotional reactions concerning the allegations in this case.

B. *Defendant's Motions in Limine*

1. First and Second Motions

The Court granted these motions. The motions are unopposed.

2. Third Motion

The Court granted in part this motion. Lawyers are expected to comply with rules of evidence and principles of trial practice. However, Plaintiff is allowed to testify about relevant job loss.

3. Fourth Motion

The Court is inclined to find that evidence about Craig Martin's separation from Sweet Home is not relevant. However, the Court deferred ruling on this motion until trial where the full context of the evidence will shed light on the relevance of the issue.

4. Fifth Motion

The Court grants this motion. The motion is unopposed.

5. Sixth Motion

The Court is inclined to find that evidence about leering occurring at the pool is a bit far afield of what is relevant in this case. The Court defers ruling until trial where the full context of the evidence will shed light on the relevance of the issue. Of course, hearsay will be excluded.

6. Seventh Motion

The Court is inclined to find that Craig Martin's separation from The City of Toledo may be irrelevant to Plaintiff's claims. However, the Court defers ruling on this until trial where the full context of evidence will shed light on the relevance of the issue.

7. Eighth Motion

The Court denied Defendant's motion to exclude evidence about disagreement about spending on the Columbia Bank Building and the Special District created for the community pool.

II. EXHIBITS

The Court excluded Defendant's Exhibit 215, the Workplace Solutions Investigation Report. The Court excluded Defendant's Exhibit 217, the Audio recording of Plaintiff's Interview with Jill Goldsmith. Otherwise, the balance of the exhibits was admitted with rulings on objections deferred to trial. Duplicative exhibits were withdrawn.

III. WITNESSES

The Court declined to exclude witnesses. However, all witnesses are to be instructed that testimony outside of personal observations, experiences, and impressions will be limited. The Court will limit cumulative evidence. No witness may offer opinion testimony on whether a Defendant's actions constituted discrimination. There are no expert witnesses in this trial and testimony that veers into the realm of expert opinion is excluded.

It is so ORDERED and DATED May 29, 2025.

    /s/Ann Aiken
ANN AIKEN
UNITED STATES DISTRICT JUDGE